# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

HASHEM NADER SEHWAIL,

    Plaintiff,

vs.                                Case No. 3:18-cv-158-J-34MCR

CHRISTOPHER A. WRAY, Director of the
Federal Bureau of Investigation, his official
Capacity, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Emergency <u>Ex Parte</u> Motion for Temporary Restraining Order (Doc. 3; Motion), filed on February 2, 2018.[1] Plaintiff initiated this action on January 25, 2018, by filing a five-count Complaint for Injunctive and Declaratory Relief (Doc. 1; Complaint). In the Motion, Plaintiff requests that the Court enter a temporary restraining order "requiring Defendants to allow Plaintiff to board his flight and return to his home to [sic] the United States, in order to prevent immediate irreparable injury to his fundamental rights and interests." <u>See</u> Motion at 1.[2]

---

[1] The Court notes that the instant Motion was filed at 4:03 p.m. on Friday, February 2, 2018. Although styled as an emergency, contrary to the Administrative Procedures for Electronic Filing of the United States District Court for the Middle District of Florida (Administrative Procedures), counsel failed to contact the Clerk's Office or Chambers to notify the Court of the filing. <u>See</u> Administrative Procedures, Part III.A.4 ("When filing a document considered to be an emergency or otherwise urgent or time-sensitive, the E-filer must immediately contact the appropriate divisional Clerk's Office.").

[2] Notably, Plaintiff provides no information as to the date, location, airline or itinerary of the flight he seeks to board, and indeed, it appears Plaintiff has not yet purchased a ticket for the flight at issue. <u>See</u> Motion at 2.

Rule 65, Federal Rules of Civil Procedure (Rule(s)), as well as Local Rule 4.05, United States District Court, Middle District of Florida (Local Rule(s)), govern the entry of a temporary restraining order. Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) <u>specific facts in an affidavit or a verified complaint</u> clearly show that immediate and irreparable injury, loss, or damages will result to the movant <u>before the adverse party can be heard in opposition</u>; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Rule 65(b)(1)(A)-(B) (emphasis added). Likewise, Local Rule 4.05(b)(2) requires that the motion be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury as well as showing "that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." In addition, Local Rule 4.05(b)(3) directs that the "motion should also . . . set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Fed.R.Civ.P." and "be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Fed.R.Civ.P." <u>See</u> Local Rule 4.06(b)(3)(ii), (iii).

Upon review, the Court finds that the Motion is due to be denied without prejudice for failure to comply with the applicable Rules and Local Rules. Significantly, Plaintiff failed to provide a verified complaint or any affidavits in support of his request for emergency

2

relief. The Court could deny the Motion for this reason alone. See Rule 65(A). However, even if the Complaint were verified, the Motion is still deficient. Specifically, although it appears Plaintiff may have conferred with Defendants regarding the instant Motion,[3] see Motion at 1, Plaintiff fails to address how he will be immediately and irreparably harmed if Defendants are given notice and an opportunity to be heard in opposition to the requested injunctive relief. In addition, Plaintiff fails to explain why a hearing on the application with all parties present is impractical or impossible. As such, the Court will deny the Motion without prejudice to the filing of a renewed motion, if appropriate. Any renewed motion, whether for a temporary restraining order or preliminary injunction, must comply with all applicable Rules and Local Rules.[4]

Finally, upon review of the Complaint, the Court has identified some concerns with the pleadings. Accordingly, the Court will set this matter for a telephonic hearing to be held on February 7, 2018, at 10:00 A.M. to address these pleading deficiencies with Plaintiff. In light of the foregoing, it is

**ORDERED**:

---

[3] Although Plaintiff's counsel indicates that he conferred with counsel for Defendants regarding the instant Motion, see Motion at 1, it does not appear that Plaintiff has provided notice to Defendants that the instant Motion was filed with the Court. Plaintiff has not yet effected service of process on Defendants and no Defendant has appeared in this case. As such, the electronic filing of the document on the Court's ECF System would not have accomplished service. See id. at 24.

[4] The Court's identification of certain deficiencies in the instant Motion should not be interpreted as determining whether all other requirements have been satisfied. Indeed, Plaintiff also fails to address the bond requirement or provide a proposed order as required by Local Rule 4.05(b)(3). As such, counsel is instructed to review Rule 65 and the Local Rules carefully and assure that any amended filing is in full compliance.

1. Plaintiff's Emergency <u>Ex</u> <u>Parte</u> Motion for Temporary Restraining Order (Doc. 3) is **DENIED without prejudice** to filing a renewed motion if appropriate.

2. This matter is set for a **TELEPHONIC HEARING** on the Complaint for Injunctive and Declaratory Relief (Doc. 1) on **Wednesday, February 7, 2018**, at **10:00 a.m.**, before the undersigned. Counsel for Plaintiff shall appear at the hearing by calling the Court's telephone number: (904) 301-6812

**DONE AND ORDERED** in Jacksonville, Florida, this 5th day of February, 2018.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties