**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| HASHEM NADER SEHWAIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-132 CMH/JFA |
| | ) |
| CHRISTOPHER A. WRAY, Director of the Federal Bureau of Investigation, in his official Capacity, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff claims that the U.S. Government has unlawfully "exiled" him abroad as a result of his alleged placement on the No Fly List, and specifically requests that the Court "order the Defendants to allow Plaintiff to board his flights on February 12, 2018 to return to the United States."  Pls.' Am. Mot., ECF No. 12, at 30.  On February 26, 2018, Plaintiff traveled from Amman, Jordan, to Jacksonville, Florida, without incident.  Accordingly, the Court should deny Plaintiff's extraordinary request for emergency injunctive relief as moot.

**I.  BACKGROUND**

Plaintiff first filed his Complaint in the United States District Court for the Middle District of Florida on January 25, 2018.  *See* Compl., ECF No. 1.  On the evening of February 2, 2018, and without providing notice to Defendants, Plaintiff filed his Emergency Motion for a Temporary Restraining Order (hereafter "First Motion for TRO").  *See* Pls.' Mot, ECF No. 3.  In

the First Motion for TRO, Plaintiff alleges that he was wrongfully designated on the Government's No Fly List[1] and prevented from boarding a flight to return to his home in the United States, rendering him in "involuntary exile" from his country of citizenship in violation of his constitutional rights, and therefore requests a court order requiring Defendants to allow him to board his flight to the United States.   Pls.' Mot. at 3.

On February 5, 2018, the Court denied Plaintiff's First Motion for TRO without prejudice, for failure to comply with applicable Federal Rules of Civil Procedure and Local Rules.  Among the failures that the Court identified was Plaintiff's failure "to address how he will be immediately and irreparably harmed if Defendants are given notice and an opportunity to be heard in opposition to the requested injunctive relief." ECF No. 4.  After receipt of this order, on the afternoon of February 6, 2018, Plaintiff provided notice to Defendants' counsel of his First Motion for TRO.  *See* Ex. C (e-mail from Ahmed Mohamed to Dena Roth, February 6, 2018).  Even prior to Plaintiff filing his First Motion for TRO, the Government had advised Plaintiff's counsel of efforts it was making to facilitate the return of Plaintiff to the United States.  In sum, and on multiple occasions, the Government advised Plaintiff's counsel of the Government's facilitated travel process for U.S. persons abroad who had previously been denied

---

[1] The Government generally does not disclose the status of any individual with respect to the Terrorist Screening Database ("TSDB"), or a subset of the TSDB including the No Fly List.  No Fly List status is only disclosed to U.S. persons who have been denied boarding a commercial aircraft and who thereafter seek redress with Department of Homeland Security Traveler Redress Inquiry Program, which is administered by the Transportation Security Administration ("TSA"). *See generally Latif v. Lynch*, No. 3:10-cv-750-BR, 2016 WL 1239925, at *5 (D. Or. Mar. 28, 2016) (describing process, the information disclosed, and the resulting order issued by the TSA Administrator).

boarding on a commercial flight while attempting to fly back to the U.S., and each time Plaintiff disregarded those instructions.[2]

On the evening of February 6, 2018, Plaintiff filed an Amended Complaint and an accompanying Amended Motion for a Temporary Restraining Order (hereafter "Second Motion for TRO"). *See* Am. Compl., ECF No. 8; Pls.' Am. Mot., ECF No. 12. In his amended pleading, Plaintiff again alleges that he was added to the No Fly List after he left the United States in late 2017, and is accordingly unable to board a flight to return to his home in the United States. Am. Compl. ¶ 135. Plaintiff alleges that after being denied boarding on flights scheduled for January 21, 2018, and February 5, 2018, he had rebooked on a flight scheduled to depart Amman, Jordan, on February 12, 2018, connecting in Frankfurt, Germany, and then New York, New York, and ultimately arriving in Jacksonville, Florida. *Id.* ¶¶ 117-119, 129-130, 132. Plaintiff's Second Motion for TRO requests that the Court "order the Defendants to allow Plaintiff to board his flights on February 12, 2018 to return to the United States." Pls.' Am. Mot. at 30.

---

[2] On January 30, 2018, Plaintiff's counsel notified attorneys at the Department of Justice about the complaint, which had not yet been served, and attached to that e-mail communication a screenshot of an itinerary showing flights scheduled to depart from Amman, Jordan, to Jacksonville, Florida, on February 5, 2018. *See* Exhibit A (e-mail from Gadeir Abbas to Dena Roth, et al., January 30, 2018). Plaintiff's counsel further wrote, "If [Plaintiff] is not allowed to board, we will file an emergency motion [] seeking judicial intervention." *Id.* The undersigned attorney responded to Plaintiff's counsel the following morning to advise that, in accordance with the Government's facilitated travel process, the U.S. Consulate General in Istanbul on that date e-mailed a letter to Plaintiff containing instructions for booking his flights back to the United States. *Id. See also* Ex. B (Consulate General Letter). Principal among those instructions were (1) to provide notice of a planned itinerary to the nearest U.S. embassy or consulate at least two weeks prior to the scheduled travel, and (2) for that itinerary to include a U.S.-carrier operated inbound flight into the United States. Ex. B. Plaintiff's initial itinerary (the one sent to the Department of Justice on January 30, 2018) was not compliant with these instructions, for multiple reasons. First, it was not sent to a U.S. embassy or consulate. Second, it was not provided with the necessary two weeks' notice. And third, it did not include a U.S.-carrier operated inbound flight to the United States.

The February 12 itinerary, a screenshot of which was attached to Plaintiff's Amended Complaint, ECF No. 11-6, was, like its predecessor, not compliant with the instructions sent to Plaintiff by the Department of State. While it included an inbound flight on a U.S. carrier, it was not provided to a U.S. embassy or consulate with the necessary two weeks' notice.

Following a telephonic hearing on February 7, 2018, the Court ordered Plaintiff to show cause why venue was proper in the Middle District of Florida. *See* ECF No. 14. In response to that show cause order, Plaintiff requested that venue be transferred to the Alexandria division of the Eastern District of Virginia. *See* ECF No. 15. Defendants did not oppose that request. The Court ordered the case transferred to the Alexandria division of the Eastern District of Virginia the same day. *See* ECF No. 16.

On February 13, 2018, Plaintiff's counsel advised Defendants that his client had rebooked a flight consistent with the instructions of the Government. *See* Ex. D (e-mail from Gadeir Abbas to Dena Roth, February 13, 2018) ("I'm attaching Hashem's new itinerary to this email. It doesn't depart until 2/26 and otherwise complies with the directions laid out in the letter you sent over."). Defendants' counsel agreed to "share the itinerary with the appropriate offices." *Id.* On Tuesday, February 28, 2018, Plaintiff's counsel issued a press release announcing "the successful return to Florida of Hashem Nader Sehwail." *See* http://www.cairflorida.org/newsroom/press-releases/1240-cair-florida-to-hold-news-conference-with-muslim-citizen-on-no-fly-list-allowed-to-re-enter-u-s.

## II.   ARGUMENT

A temporary restraining order "is intended to preserve the status quo only until a preliminary injunction hearing can be held." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). The Supreme Court has made it clear that preliminary relief –

4

whether through a temporary restraining order or a preliminary injunction – is an extraordinary and drastic remedy to be applied only in limited circumstances. *See, e.g.*, *Winter v. Nat. Res. Defense Council*, 555 U.S. 7, 24 (2008); *Dewhurst v. Century. Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). Indeed, a temporary restraining order "should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).[3]

Plaintiff's sole request for relief was "an order to allow him to board his flights to the United States." Pl.'s Am. Mot. at 2. Since the filing of his motion, Plaintiff was able to successfully board his flights and is currently in the United States. Accordingly, Plaintiff's claim for emergency injunctive relief is now moot. *See Di Biase v. SPX Corp.*, 872 F.3d 224, 231 (4th Cir. 2017) ("The principal function of a preliminary injunction is to maintain the status quo. Thus a request for an injunction to prohibit an act is rendered moot by the happening of the act.") (internal citations omitted); *In re Swallen's, Inc.,* 269 B.R. 634, 639 (B.A.P. 6th Cir. 2001) ("Mootness occurs when 'the plaintiff receives the relief sought or when it is factually, not legally, impossible to receive such relief.'") (quoting *Liberles v. County of Cook*, 709 F.2d 1122, 1127 (7th Cir.1983)); *Alexander v. Yale Univ.*, 631 F.2d 178, 183 (2d Cir. 1980) ("A party's case or controversy becomes moot either when the injury is healed and only prospective relief has

---

[3] "The standard for granting either a TRO or a preliminary injunction is the same." *Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006). A movant must demonstrate that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *accord Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

been sought or when it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury.").

### III.     CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for a temporary restraining order as moot.

Dated:  March 2, 2018                    Respectfully submitted,

TRACY DOHERTY-MCCORMICK
Acting United States Attorney

CHAD READLER
Acting Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

DENA M. ROTH
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
Federal Programs Branch, Room 7112
950 Pennsylvania Avenue NW
Washington, DC  20530
Tel. (202) 514-5108; Fax. (202) 616-8470
dena.m.roth@usdoj.gov

/s/ *Lauren A. Wetzler*
LAUREN A. WETZLER
Chief, Civil Division
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA. 22314
Tel: (703) 299-3752
Fax: (703) 299-3983
Lauren.Wetzler@usdoj.gov

Attorneys for the Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2018, I filed the foregoing via the CM/ECF system, which will send a Notification of Electronic Filing to all counsel of record.

/s/ *Lauren A. Wetzler*
LAUREN A. WETZLER
Chief, Civil Division
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA. 22314
Tel: (703) 299-3752
Fax: (703) 299-3983
Lauren.Wetzler@usdoj.gov